UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY WARD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-2974 |
| | § | |
| **BENTHIC USA LLC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Motion to Remand the case to the 125th Judicial District of Harris County, Texas. (Dkt. No. 16.) Based on a thorough review of the pleadings, motions, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED.**

### I.   BACKGROUND

Plaintiff Larry Ward ("Plaintiff") filed this lawsuit in the 125th Judicial District of Harris County, Texas on March 16, 2021, making various allegations against Defendants Benthic USA LLC ("Benthic") and Tammy Jenkins ("Jenkins"). On October 14, 2021, Plaintiff filed his First Amended Petition naming Zurich American Insurance Company ("Zurich") as a Defendant for the first time. (Dkt. No. 2 at 27.) Zurich later filed a third-party petition against Acteon US Holdings,

---

[1] On May 2, 2023, the District Judge referred the entire case to the Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 14.)

Inc ("Aceton"). On August 25, 2022, Plaintiff filed a Notice of Non-Suit as to Defendant Jenkins, the only non-diverse defendant. (Dkt. No. 1.)

In the Amended Petition, Plaintiff brought claims for negligence, gross negligence, breach of fiduciary duty, declaratory judgment, and violations of Texas Insurance Code stemming from his employment in Pemba, Mozambique with Benthic. (Dkt. No. 2 at 36–39.) Plaintiff alleges that while he was in Africa, he contracted a persistent urinary tract infection, and its inadequate treatment caused him to fall and lacerate his head. (*Id.* at 30 ¶¶ 11–21.) He then received contaminated blood in a blood transfusion and subsequently contracted a life altering disease. (*Id.*) Plaintiff asserted that Benthic failed to provide: a safe workplace; adequate medical treatment on and off site; evacuation and repatriation upon the onset of his illness; and rules prohibiting primitive medical treatment after contracting his illness. (*Id.*)

Plaintiff alleges that at the time of his sustained illness, Benthic failed to obtain workers' compensation insurance between June 30, 2019, through June 29, 2020, as agreed to by the terms of his employment contract. (*Id.* at 29 ¶ 9.) Acteon, who acquired Benthic, renewed its workers' compensation policies with Zurich for twelve of its subsidiaries on June 30, 2019, however, Benthic was not included in the policy as a named covered insured on the information page. (*Id.* at 29 ¶ 10.) Plaintiff asserts that, during this period, Benthic should be considered a non-subscriber to workers' compensation insurance because at the time of his injury and the filing of his lawsuit Benthic was not named on Acteon's subsidiary policy with Zurich. (*Id.* at 37–40 ¶¶ 31, 37–42.) On March 29, 2021, Zurich backdated Acteon's subsidiary workers' compensation policy to include coverage for Benthic. (*Id.* at 34 ¶ 22.)

On September 1, 2022, Zurich removed this case to this Court. (Dkt. No. 1.) Zurich asserts the Court has original jurisdiction based on a diversity of citizenship pursuant to 28 U.S.C. § 1332.

(Dkt. No. 1 ¶ 5.) Plaintiff is an individual residing in, and a citizen of, Texas. (*Id.*) Zurich is a New York corporation with its principal place of business in Illinois. (*Id.*) Benthic is an LLC solely owned by Benthic Geotech Pty Ltd.[2] Benthic Geotech Pty Ltd. is incorporated in Australia and its principal place of business is in Australia. (Dkt. No. 1 ¶ 5.) Zurich asserts the citizenship of third-party defendant Acteon US Holdings, Inc. does not affect diversity jurisdiction here.[3] The amount in controversy exceeds $75,000 as stated in Plaintiff's Amended Petition, which alleges damages in excess of $1,000,000. See 28 U.S.C. § 1446(c)(2)(A). All Defendants consent to this removal and it is timely filed in accordance with 28 U.S.C. §§ 1446(b) & (c). (Ex. E.)

Plaintiff does not contest diversity jurisdiction in his motion to remand. Plaintiff insists the resolution of his claims contains a substantial question of law that arises under the Texas Workers' Compensation Act ("TWCA"). Accordingly, Plaintiff asserts removal is precluded under 28 U.S.C. § 1445(c), which provides that "a civil action in any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Defendants dispute Plaintiff's claims "arise under" the TWCA and assert that the case does not involve disagreements about how to construe or apply the TWCA, thus the statute is not substantially implicated. (Dkt. No. 23 at 3.) Defendants assert that this is a matter of contract reformation which requires a factually specific analysis under established law. (*Id.*)

---

[2] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding the citizenship of a limited liability company (LLC) is determined by the citizenship of all of its members).

[3] *See Velazquez v. De La Rose Martinez*, No. 21-40282, 2021 WL 6140246, at *1 (5th Cir. Dec. 29, 2021) (citing *Fawvor v. Texaco, Inc.*, 546 F.2d 636, 638 (5th Cir. 1977) ("Rule 14 of the Federal Rules of Civil Procedure governs third-party practice. Under this rule, where there is diversity between the plaintiff and the defendant, the defendant may implead a third-party of the same citizenship as the plaintiff.")).

At the heart of Plaintiff's dispute is Acteon's acquisition of workers' compensation insurance for its subsidiaries, including Benthic. Aceton employs individuals from several countries in multiple locations abroad. (Dkt. No. 23 at 4.) Aceton secured both a domestic policy, which covers certain qualifying U.S. employees, and a foreign policy, which covers employees not eligible for coverage under the domestic policy. (*Id.*) The two insurance policies at issue are mutually exclusive. (*Id.* at 5.) Plaintiff seeks a declaratory judgment that Benthic is not a named insured for the domestic workers' compensation policy. (*Id.* at 6.) Plaintiff seeks all other remaining relief under the foreign workers' compensation policy. (*Id.* at 5.) Plaintiff's relief under the foreign policy depends on whether the domestic policy is reformed to reflect Benthic as a named insured. (*Id.*)

Thus, the issue before the Court is to determine whether Plaintiff's claims arise under the TWCA. The Court finds they do not and recommends that the Motion to Remand be denied.

## II.   LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) ("Where . . . the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist."). If original jurisdiction exists, the court may then exercise supplemental jurisdiction over state law claims. *Halmekangas*, 603 F.3d at 294-95; *see* 28 U.S.C. § 1367.

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Removal based on diversity jurisdiction requires complete diversity where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "[B]ecause removing an action duly filed in state court raises federalism concerns, removal statutes are strictly construed against removal and in favor of remand." *Monzon v. Lowe's Cos., Inc.*, No. 16-CV-482, 2017 WL 10743000, at *2 (W.D. Tex. May 26, 2017); *see Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The notice of removal must be accompanied by "a copy of all process, pleadings, and orders served upon" the defendants in the state court. 28 U.S.C.A. § 1446(a). "The concept of plaintiff as master of his claim is especially pertinent in removal cases" because it is a Plaintiff's pleadings that determine the propriety of removal. *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989). A party who believes a case has been improperly removed may seek to remand it to state court. 28 U.S.C. § 1447(c).

There are several statutory exceptions to removal jurisdiction, one of which bars removal for those actions in state court arising under the workers' compensation laws of the state. 28 U.S.C. § 1445(c). "Section 1445(c) denotes an effort by Congress to restrict the district courts' diversity jurisdiction in order to relieve the collectively overburdened docket of the federal courts. Courts have therefore construed section 1445(c) broadly in order to further this purpose." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 569 (5th Cir. 2010) (citations omitted) (explaining the Supreme Court of Texas noted in dicta that a negligence claim against a non-subscriber is modified by the TWCA, but remains a claim at common law, thus negligence claims against nonsubscribers exist independently of the TWCA); *see also Gomez v. O'Reilly Auto.*

*Stores, Inc.*, 283 F. Supp. 3d 569, 573 (W.D. Tex. 2017) (commenting that holding that "a nonsubscriber's employee must look outside the TWCA's framework to recover for a work-related injury [and] that the common law creates the cause of action for negligence against a nonsubscriber" is supported by Fifth Circuit's and the Supreme Court of Texas' dicta). The Fifth Circuit has not decided whether 28 U.S.C. § 1445(c) applies when a plaintiff sues a non-subscriber under the Texas Worker's Compensation Act. *Milligan v. Home Depot USA, Inc.*, 809 F. App'x 217, 218 (5th Cir. 2020) (citing *Gomez*, 283 F. Supp. 3d at 572).

"[T]he 'arising under' standard expressed in § 1445(c) should be interpreted broadly and in a manner consistent with our interpretation of that standard under § 1331, which governs federal question jurisdiction." *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787 (5th Cir. 1996). A "suit arises under the law that creates the cause of action." *Figueroa v. Healthmark Partners, L.L.C.*, 125 F. Supp. 2d 209, 211 (S.D. Tex. 2000) (quoting *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) (holding that a case arises under the workers' compensation laws if "the cause of action is created by the workers' compensation statute")). In the federal question context, "'arising under' means (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Gomez*, 283 F. Supp. 3d at 572 (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Thus, there exist "two bases that potentially bar removal to federal court—and, in turn, necessitate remand of cases removed from state court—under § 1445(c): (1) the TWCA creates Plaintiff's cause of action; or (2) Plaintiff's right to relief necessarily depends on resolution of a substantial question of the TWCA." *Id.* (citing *McVeigh*, 547 U.S. at 690). "[C]laims arise under the TWCA if an issue of the TWCA is (1) necessarily raised (2) actually disputed (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved

by Congress." *Id.* at 575 (citing *S.F. Bay Area Rapid Transit Dist. v. Gen. Reinsurance Corp.*, No. 14-CV-01866-JSC, 2014 WL 2960015, at *3 (N.D. Cal. June 30, 2014)). An action can arise under the TWCA even if the question is embedded in a declaratory judgment action. *See Trahan v. Liberty Mut. Ins. Co.*, 571 F. App'x 319, 321 (5th Cir. 2014) (finding plaintiff's declaratory requests revolving around the payment of benefits and the subrogation of the payor, both "unambiguously arise under Texas workers' compensation law").

### III. DISCUSSION

Workers' compensation insurance coverage is elective for employers in Texas. *See* Tex. Labor Code Ann. § 406.002. Employers who purchase workers' compensation coverage benefit from no-fault and limited financial liability. *See id.* at § 406.031. An employer that elects not to obtain workers' compensation coverage for its employees is a nonsubscriber. *Id.* at §§ 406.003, 406.033.[4] Because a nonsubscriber's employees are not covered by workers' compensation insurance, the employee must sue their nonsubscribing employer for negligence to recover damages for an injury sustained in the course of employment. *See id.* at § 406.033. A nonsubscriber must defend itself without the benefit of several common law defenses. *See id.*

Yet, an employee whose employer has elected to participate in the workers' compensation program is limited to workers' compensation benefits for a work-related injury. *See id.* at § 408.001. The provisions describe what benefits are available, how to compute the benefits, how to file a claim, and how to receive payment of such benefits. *See id.* at §§ 408.001–408.022; 409.001–409.024.

---

[4] The TWCA provides, in part, "that in an action against a nonsubscribing employer for personal injuries or death sustained by an employee, the employer may not rely upon certain common law defenses, and the employee must prove negligence." *Pyle v. Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 209 (N.D. Tex. 1993) (citing. Tex. Labor Code Ann. § 406.033)).

At issue here is whether Bethnic was a subscriber or a nonsubscriber to determine what provisions of the TWCA apply. In Plaintiff's view, his claims necessarily require the Court to resolve a substantial question of the TWCA because the Court must refer to the TWCA's provisions to determine whether Defendants are nonsubscribers, which defenses Defendants can assert, and what Plaintiff must prove to succeed on his claims. Mere reference to these codes, the definitions contained therein, and the defense limitations, however, do not automatically meet the requirements for arising under the TWCA as acknowledged by many courts in this circuit. *Herring v. TrueBlue People Ready, Inc.*, No. 4:21-CV-00260, 2021 WL 4427245, at *2 (S.D. Tex. Sept. 27, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 4949275 (Oct. 25, 2021).

While Defendants recognize the necessity of answering the threshold subscriber/nonsubscriber question, they characterize Plaintiff's lawsuit as a matter of contract reformation. It is seemingly Defendants' position that Benthic was always believed to be a subscriber of a workers' compensation policy. It was only when this lawsuit materialized, that it was understood by all Defendants that there was an error in Acteon's policy covering its subsidiaries, specifically, that Benthic was not listed.

"At issue is the central question: 'Which came first, the chicken, or the egg?'" *Bradford Realty Servs., Inc. v. Hartford Fire Ins. Co.*, No. 3:20-CV-1659-C, 2021 WL 4955911, at *1 (N.D. Tex. Sept. 13, 2021), *aff'd*, No. 21-11047, 2022 WL 1486779 (5th Cir. May 11, 2022). More precisely, the parties dispute whether the Court must first use traditional tenets of contract law to determine reformation of the insurance contract; or first use the TWCA to determine if the insurance contract is allowed to be reformed. The Court is persuaded by Defendants' argument to

the former which analytically cuts against the threshold question of whether Plaintiff's claim arises under the TWCA.

### A. Does Plaintiff's claim arise under the TWCA?

"[A] claim arises under the TWCA if: (1) the TWCA establishes the cause of action or (2) Plaintiff's right to recovery requires the resolution of a substantial question of the TWCA." *Mendez v. Wal-Mart Assocs., Inc.*, No. EP-18-CV-189-PRM, 2018 WL 7288581, at *2 (W.D. Tex. Sept. 10, 2018). Plaintiff only argues the second option, that his right to recovery requires the resolution of a substantial question of the TWCA.[5] (Dkt. No. 16 at 6.)

### a. Does Plaintiff's claim for declaratory relief require a resolution of a substantial question of the TWCA?

Plaintiff seeks a declaration that Benthic was not a subscriber to workers' compensation at the time of Plaintiff's injuries and illness because it failed to obtain a policy or register for self-insurance. Plaintiff argues that this question's resolution implicates a substantial question of the TWCA. Thus, the Court must apply the four-factor test to determine if Plaintiff's right to recovery requires the resolution of a substantial question of the TWCA. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (explaining the parallel framework for arising under analysis asks whether the federal question is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress"). As an initial matter, Zurich does not dispute the first factor, that the TWCA is "necessarily raised" by Plaintiff's Petition. (Dkt. No. 23 at 9 n.8.) Here, as in *Gomez*, Plaintiff alleges in his Petition

---

[5] Federal district courts in Texas almost universally conclude that the TWCA does not establish a cause of action for nonsubscriber negligence. Rather, it is a right arising under common law. *Herring*, 2021 WL 4427245, at *2. Thus, the bulk of Plaintiff's claims do not arise under the TWCA. The remaining claim is Plaintiff's claim for declaratory judgment.

that Defendants are nonsubscribers under the TWCA. (Dkt. No. 16 at 6.) *See Gomez*, 283 F. Supp. 3d at 575 (citing Tex. Labor Code § 408.001). If Defendants are subscribers, Plaintiff is covered by workers' compensation insurance, and workers' compensation benefits would be his exclusive remedy. Plaintiff can prevail on his claims in court only if Defendants are nonsubscribers. *See* Tex. Labor Code § 406.003. As this conflict is not in dispute, the Court will begin with analysis of the second factor.

                     **i.**        **"Actually disputed" application or meaning of a TWCA provision**

"A question is actually disputed where the parties disagree regarding the law's effect on the outcome of the case." *Nava v. Knight Transp.*, No. EP-21-CV-00274-FM, 2022 WL 19302946, at *3 (W.D. Tex. Jan. 5, 2022) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005)). Plaintiff asserts that the dispute centers on whether Benthic had workers' compensation coverage at the time of Plaintiff's injury. (Dkt. No. 16 at 21.) Benthic asserts while this is true, the resolution of this question does not rely on the application or meaning of a TWCA provision. (Dkt. No. 23 at 9–10.) Defendant does not contest any provision of the TWCA, but instead, argues that Plaintiff and it dispute the fundamental tenets of contract law, specifically, the application of reformation to the workers' compensation insurance policy. (*Id.* at 10.) The Court agrees.

While Plaintiff's Amended complaint frames the questions for declaratory judgment as arising under the TWCA, the application of those provisions does not resolve the question of whether Benthic should be considered a subscriber or nonsubscriber to workers' compensation. Instead, to determine whether Section 406.033 or Section 408.001 apply to Plaintiff's other claims the Court would first have to analyze whether Defendants are entitled to reformation. *See Fid. & Cas. Co. of N.Y. v. Ind. Lumbermen's Mut. Ins. Co.*, 382 F.2d 839, 843 (5th Cir. 1967) (holding

where the party seeking reformation of an insurance contract has shown "that the policy as written did not reflect the true intent of the parties . . . is a proper case for reformation"). Plaintiff urges that the Court must interpret § 406.031 to determine if reformation is statutorily inapplicable. Tex. Labor Code Ann. § 406.031. This specific question is not included in Plaintiff's Amended Petition but seems to have materialized from the on-going dispute prior to removal. (Dkt. No. 2 at 37–40 ¶¶ 31, 37–42.) Even so, the Court disagrees because the answer to this question does not require reference to the TWCA or a court interpretation of it. "Reformation of a contract is a proper remedy when the parties reach a definite agreement, understood in the same sense by both, but through mutual mistake the written contract fails to express the parties' true intent." *Donias v. Old Am. Cnty. Mut. Fire Ins. Co.*, 649 S.W.3d 789, 794 (Tex. App. 2022); s*ee also In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002) (applying Louisiana law).

Defendant does not dispute the meaning of § 406.031 as Plaintiff alleges, nor does it dispute the application of the provision. Here, the parties disagree regarding the availability of reformation, not on the TWCA's effect on the outcome of this case. The parties do not actually dispute the effect of the TWCA provisions raised in Plaintiff's Petition. Plaintiff and Defendants acknowledge the fork in the road presented by the question of the availability of reformation. Accordingly, the Court does not find a provision of the TWCA is actually disputed because there is no dispute as to the meaning of the TWCA's provision that would require judicial resolution.

### ii. Substantial question of the TWCA

"[W[hen a case presents primarily legal questions, it is more likely to require the resolution of a substantial question . . . of a state's workers' compensation statute in the context of § 1445(c)." *Scalza v. Green Bay Packaging, Inc.*, No. EP-18-CV-337-PRM, 2019 WL 13199716, at *4 (W.D. Tex. Jan. 25, 2019). The Supreme Court considered the substantial question doctrine as applied in

the § 1331 context. *See Empire Healthchoice Assur., Inc.*, 547 U.S. at 700 (discussing *Grable*, 545 U.S. at 313 (2005)). The Supreme Court determined that there was a substantial question of federal law in *Grable*, but no substantial question in *McVeigh*. "*Grable* presented a nearly pure issue of law, the resolution of which would establish a rule applicable to numerous . . . cases." *McVeigh*, 547 U.S. at 681. *McVeigh* presented a "fact-bound and situation-specific" claim. *Id*. at 700. "The substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260 (explaining that the court "primarily focused not on the interests of the litigants themselves, but rather on the broader significance of the notice question for the Federal Government").

The dispute here, is if Zurich is entitled to contract reformation, is necessarily a fact-based inquiry. If Zurich proves sufficient facts to reform the contract, one provision of the labor code would apply, and if it does not, then another provision of the labor code would apply. Plaintiff's right to relief depends on the circumstances that are limited to this case. The dispute centers on the specific facts necessary to determine this threshold question. Here, the resolution would not be controlling in numerous TWCA cases. Once this issue is resolved, Plaintiff will have to prove the standard elements of negligence to recover or recover under the settled TWCA statutory framework. *Scalza*, 2019 WL 13199716, at *4 (quoting *Gomez*, 283 F. Supp. 3d at 577) (explaining that "[p]laintiff's claim is fact-centered because "whether Defendant['s] acts were negligent is, by nature, a factual inquiry"). Here, Plaintiff's claims raise the question of Defendants' nonsubscriber status under the TWCA, the resolution of which, will not impact the workers' compensation system as a whole. Accordingly, the Court does not find there is a substantial question under the TWCA because the resolution has no broader significance beyond this case and is relevant only to the parties to this suit.

### iii. Balance of Federal and State Judicial Responsibilities

The removal of Plaintiff's claim does not disturb any balance between federal and state judicial responsibilities because the common law questions that require resolution are properly in federal court on the basis of diversity jurisdiction. Accordingly, the Court concludes that § 1445(c) casts no doubt on whether a federal court may decide Plaintiff's claim.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Remand (Dkt. No. 16) be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on June 6, 2023.

Sam S. Sheldon
United States Magistrate Judge