United States District Court
Southern District of Texas
**ENTERED**
October 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY WARD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-2974 |
| | § | |
| **BENTHIC USA LLC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Motion to Remand Based on Abstention. (Dkt. No. 51.) Defendants filed a response. (Dkt. No. 52.) Based on a thorough review of the pleadings, motions, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion to Remand Based on Abstention (Dkt. No. 51) be **DENIED.**

### I. BACKGROUND

Plaintiff Larry Ward ("Plaintiff") filed this lawsuit in the 125th Judicial District of Harris County, Texas on March 16, 2021, making various allegations against Defendants Benthic USA LLC ("Benthic") and Tammy Jenkins ("Jenkins"). (Dkt. No. 1-4 at 2.) On October 14, 2021, Plaintiff filed his First Amended Original Petition naming Zurich American Insurance Company ("Zurich") as a Defendant for the first time. (*Id.* at 48.) Zurich later filed a third-party petition

---

[1] On May 2, 2023, the District Judge referred the entire case to the Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 38.)

against Acteon US Holdings, Inc ("Aceton"). (*Id.* at 118.) On August 25, 2022, Plaintiff filed a Notice of Non-Suit as to Defendant Jenkins, the only non-diverse defendant. (Dkt. No. 1 at 1.)

In the Amended Petition, Plaintiff brought claims for negligence, gross negligence, breach of fiduciary duty, declaratory judgment, and violations of Texas Insurance Code stemming from his employment in Pemba, Mozambique with Benthic. (Dkt. No. 2 at 36–39.) Plaintiff alleges that while he was in Africa, he contracted a persistent urinary tract infection, and its inadequate treatment caused him to fall and lacerate his head. (*Id.* at 30 ¶¶ 11–21.) He then received contaminated blood in a blood transfusion and subsequently contracted a life altering disease. (*Id.*) Plaintiff asserted that Benthic failed to provide: a safe workplace; adequate medical treatment on and off site; evacuation and repatriation upon the onset of his illness; and rules prohibiting primitive medical treatment after contracting his illness. (*Id.*)

Plaintiff alleges that, at the time of his sustained illness, Benthic failed to obtain workers' compensation insurance between June 30, 2019 and June 29, 2020, as agreed to by the terms of his employment contract. (*Id.* at 29 ¶ 9.) Acteon, who acquired Benthic, renewed its workers' compensation policies with Zurich for twelve of its subsidiaries on June 30, 2019; however, Benthic was not included in the policy as a named covered insured on the information page. (*Id.* at 29 ¶ 10.) Plaintiff asserts that, during this period, Benthic should be considered a non-subscriber to workers' compensation insurance because at the time of his injury and the filing of his lawsuit Benthic was not named on Acteon's subsidiary policy with Zurich. (*Id.* at 37–40 ¶¶ 31, 37–42.) On March 29, 2021, Zurich backdated Acteon's subsidiary workers' compensation policy to include coverage for Benthic. (*Id.* at 34 ¶ 22.)

At the heart of Plaintiff's dispute is Acteon's acquisition of workers' compensation insurance for its subsidiaries, including Benthic. Aceton employs individuals from several

countries in multiple locations abroad. (Dkt. No. 23 at 4.) Aceton secured both a domestic policy, which covers certain qualifying U.S. employees, and a foreign policy, which covers employees not eligible for coverage under the domestic policy. (*Id.*) The two insurance policies at issue are mutually exclusive. (*Id.* at 5.) Plaintiff seeks a declaratory judgment that Benthic is not a named insured for the domestic workers' compensation policy. (*Id.* at 6.) Plaintiff seeks all other remaining relief under the foreign workers' compensation policy. (*Id.* at 5.) Plaintiff's relief under the foreign policy depends on whether the domestic policy is reformed to reflect Benthic as a named insured. (*Id.*)

On September 1, 2022, Zurich removed this case to this Court.[2] (Dkt. No. 1.) On September 20, 2022, Plaintiff filed his first Motion to Remand, arguing removal was precluded under 28 U.S.C. § 1445(c) because the resolution of his claims contained a substantial question of law that arose under the Texas Workers' Compensation Act ("TWCA"). (Dkt. No. 16 at 7–8.) The Court denied Plaintiff's motion, finding that Plaintiff's lawsuit presented a matter of contract reformation rather than a claim arising under the TWCA. (Dkt. Nos. 39, 46.) On July 28, 2023, Plaintiff filed a second Motion to Remand based on abstention. (Dkt. No. 51.)

---

[2] Zurich asserts the Court has original jurisdiction based on a diversity of citizenship pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 ¶ 5.) Plaintiff is an individual residing in, and a citizen of, Texas. (*Id.*) Zurich is a New York corporation with its principal place of business in Illinois. (*Id.*) Benthic is an LLC solely owned by Benthic Geotech Pty Ltd. Benthic Geotech Pty Ltd. is incorporated in Australia and its principal place of business is in Australia. (*Id.*) Zurich asserts the citizenship of third-party defendant Acteon US Holdings, Inc. does not affect diversity jurisdiction here. The amount in controversy exceeds $75,000 as stated in Plaintiff's Amended Petition, which alleges damages in excess of $1,000,000. *See* 28 U.S.C. § 1446(c)(2)(A). All Defendants consent to this removal and it is timely filed in accordance with 28 U.S.C. §§ 1446(b) & (c).

## II.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) ("Where . . . the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist."). If original jurisdiction exists, a court may then exercise supplemental jurisdiction over state law claims. *Halmekangas*, 603 F.3d at 294–95; *see* 28 U.S.C. § 1367.

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Removal based on diversity jurisdiction requires complete diversity where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "[B]ecause removing an action duly filed in state court raises federalism concerns, removal statutes are strictly construed against removal and in favor of remand." *Monzon v. Lowe's Cos., Inc.*, No. 16-CV-482, 2017 WL 10743000, at *2 (W.D. Tex. May 26, 2017); *see Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The notice of removal must be accompanied by "a copy of all process, pleadings, and orders served upon" the defendants in the state court. 28 U.S.C.A. § 1446(a). "The concept of plaintiff as master of his claim is especially pertinent in removal cases" because it is the Plaintiff's pleadings that determine the propriety of removal. *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989).

A party who believes a case has been improperly removed may seek to remand it to state court. 28 U.S.C. § 1447(c).

"Jurisdiction existing, . . . a federal court's obligation to hear and decide a case is virtually unflagging." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (internal quotations omitted). Despite this, an exception exists under the *Younger* doctrine where federal courts must abstain from hearing a case if exercising jurisdiction would "interfer[e] with states' enforcement of their laws and judicial functions." *Tex. Ent. Ass'n v. Hegar*, 10 F.4th 495, 508 (5th Cir. 2021). As explained in *Sprint*, *Younger* only applies to "three exceptional categories" of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint*, 571 U.S. at 78) (internal quotations omitted). In cases where *Younger* applies, federal courts consider three factors, also known as the *Middlesex* factors, and must abstain if "there is '(1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) . . . provides an adequate opportunity to raise federal challenges.'" *Id.* (quoting *Sprint*, 571 U.S. at 81); *see Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Another exception to federal courts' "virtually unflagging obligation" to exercise their jurisdiction comes from the *Burford* abstention doctrine. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "District courts may only abstain in the rare instances when hearing a case within [its] equity jurisdiction would 'be prejudicial to the public interest.'" *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 313 (5th Cir. 2021) (quoting *Burford v. Sun Oil Co.*, 319 U.S. 315, 318 (1943)). Abstention under the *Burford* doctrine "allows federal

courts to avoid entanglement with state efforts to implement important policy programs." *Id.* The Fifth Circuit recently reiterated the rare nature of *Burford* abstentions: "The power to abstain under *Burford* charges courts with a careful balancing of state and federal interests, but one that 'only rarely favors abstention.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)). To determine if *Burford* abstention applies, a court considers five factors:

> (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review.

*Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 314 (5th Cir. 1993) (internal citations omitted).

### III. DISCUSSION

Plaintiff requests that the Court remand his claims for declaratory relief and Defendants' claims for declaratory relief and equitable reformation of its contract based on the *Younger* and *Burford* abstention doctrines. (*See* Dkt. No. 51 at 6–7.) Conversely, Defendants contend that none of the claims before the Court implicate an abstention doctrine. (Dkt. No. 52 at 1.) The Court agrees with Defendants and finds that abstention in this case would be improper under either doctrine.

### A. *Younger* Abstention

Plaintiff's assertion that the Court should abstain under *Younger* fails because his case does not fall under one of the exceptional circumstances in which the doctrine applies. To determine whether the *Younger* doctrine applies in this case, the Court must first evaluate whether the parties' case fits within one of the three *Sprint* categories. Plaintiff's case is neither a criminal prosecution nor a civil enforcement proceeding akin to criminal prosecutions. *See Sprint*, 571 U.S. at 78. Thus,

the only way *Younger* could apply in this case is if Plaintiff's insurance case fit within *Sprint*'s third category: "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.*

In his Motion to Remand, Plaintiff makes no argument as to whether his bad faith insurance case affects a state court's ability to perform its judicial functions. (Dkt. No. 51 at 8–12.) Instead, Plaintiff bypasses this initial step and jumps straight into applying the *Middlesex* factors. (*Id.*) Conversely, Defendants argue the third *Sprint* category is inapplicable and, thus, the *Middlesex* factors are irrelevant. (Dkt. No. 52 at 5–6.) The Court agrees with Defendants.

The Court need not analyze the *Middlesex* factors because Plaintiff's case does not fall under the types of cases that Supreme Court intended to include. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* ("*NOPSI*"), 491 U.S. 350, 368 (1989) (citing *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977) (invoking *Younger* abstention in a case involving a civil contempt order, which "lies at the core of the administration of a State's judicial system"); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 13–14 (1987) (requiring abstention under *Younger* to avoid federal interference with state court requirement for the posting of bond pending appeal because such a requirement was a "process[ ] by which the State compels compliance with the judgments of its courts."). The Court finds no reason why exercising its jurisdiction in this case would interfere with the state court's ability to perform its judicial function. "This is far from one of the exceptional circumstances to which *Younger* has been extended to apply." *Accident Fund Gen. Ins. Co. v. Sayaz*, No. 7:15-CV-530, 2016 WL 10654082, at *6 (S.D. Tex. Aug. 4, 2016) (declining to apply *Younger* in a case arising out of a worker's compensation claim).

As the Court explained in its previous Memorandum and Recommendation, the parties' dispute centers on the specific facts necessary to determine whether Zurich is entitled to contract

reformation. (Dkt. No. 39 at 12.) "If Zurich proves sufficient facts to reform the contract, one provision of the labor code would apply, and if it does not, then another provision of the labor code would apply." (*Id.*) The workers' compensation system as a whole will not be impacted by the resolution of Defendants' nonsubscriber status under the TWCA. (*Id.*) Nor will the resolution affect Texas courts' abilities to perform their judicial functions. Accordingly, the Court recommends declining to abstain under the *Younger* doctrine.

### B. *Burford* Abstention

Plaintiff also argues that this Court should remand the case based on abstention under *Burford*. (Dkt. No. 51 at 12.) Defendants contend this Court should deny Plaintiff's motion to remand because the Fifth Circuit has rejected *Burford* abstention arguments for judicial review of workers' compensation cases. (Dkt. No. 52 at 8–10.)

"While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a potential for conflict with state regulatory law or policy." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir. 1994) (quoting *NOPSI*, 491 U.S. at 361 (1989)) (internal quotations omitted). However, because federal courts have an "unflagging obligation" to exercise jurisdiction given to them, *Burford* abstention is rarely exercised. *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 700-01 (5th Cir. 1999) (quoting *Colo. River Water*, 424 U.S. at 821).

To determine if *Burford* abstention applies, a court considers five factors: (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review. *Wilson*, 8 F.3d at 314.

The first *Burford* factor, whether the cause of action arises under federal or state law, weighs slightly in favor of abstention as the parties' claims are brought under state law. *See Grace Ranch*, 989 F.3d at 314 ("That far from settles the abstention question. After all, federal courts hear state law claims all the time. . . . But it does get the ball rolling in the direction of abstention.").

The second *Burford* factor, whether the case requires inquiry into unsettled issues of state law or into local facts, weighs against abstention. Plaintiff argues that the parties' dispute over the meaning of various sections of the Texas Labor Code evidences an unsettled issue of state law. (Dkt. No. 51 at 15.) However, as the Court noted in its previous Memorandum and Recommendation, the parties do not actually dispute the effect of the TWCA provisions raised in Plaintiff's Petition; the parties disagree regarding the availability of reformation. (Dkt. No. 39 at 11.) "[T]he resolution [of the parties' dispute] has no broader significance beyond this case and is relevant only to the parties to this suit." (*Id.* at 12.) Thus, this case does not require inquiry into unsettled issues of state law or into local facts. Moreover, even if the Court analyzed sections of the Texas Labor Code, "the mere fact that a case requires a federal court to speak on a state statute is not enough to compel abstention." *See Sheffield v. Bush*, 604 F. Supp. 3d 586, 608 (S.D. Tex. 2022) (first citing *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 272 (5th Cir. 2009); then citing *Grace Ranch*, 989 F.3d at 315).

The third *Burford* factor, the importance of the state interest involved, weighs slightly in favor of abstention. Plaintiff, largely relying on California case law, fails to show that Texas has a significant interest in this case beyond a general assertion that workers' compensation issues are important to the state.[3] (Dkt. No. 51 at 16-17.) *See also Moore*, 556 F.3d at 272 (noting general

---

[3] Plaintiff relies on one district court case within the Fifth Circuit, *Rogers v. Morales*, 975 F. Supp. 856 (N.D. Tex. 1997); however, the case is distinguishable. (Dkt. No. 51 at 11.) The

9 / 11

assertions regarding the *Burford* factors fail to support abstention). Moreover, this factor only weighs heavily in favor of abstention "when the state interests at stake are 'paramount.'" *Grace Ranch*, 989 F.3d at 316 (quoting *Quackenbush*, 517 U.S. at 728) (explaining that "[e]ven powerful state interests . . . will not always justify abstention").

The fourth *Burford* factor, the state's need for a coherent policy in the area at issue, weighs against abstention. Plaintiff conclusively states that "Texas has recognized its substantial need for a coherent policy" but fails to explain how federal resolution of this suit would disrupt Texas' efforts to establish a coherent policy for workers' compensation cases. This factor is "intended to avoid recurring and confusing federal intervention in an ongoing state scheme." *Wilson*, 8 F.3d at 315. As noted by Plaintiff, "[a]bstention is proper when a state regulatory scheme faces potential disruption . . . such that it would crumble." *Elec. Reliability Council of Texas, Inc. v. Just Energy Texas, L.P.*, 57 F.4th 241, 252 (5th Cir. 2023) (internal citations and quotations omitted). There is nothing to suggest resolution of this dispute would cause Texas' policy for workers' compensation cases to crumble. *See also St. Paul Ins. Co.*, 39 F.3d at 587, 589 (holding a declaratory suit seeking interpretation of settlement agreement reached in suit challenging Texas administrative workers' compensation decision did not interfere with workers' compensation system).

The fifth *Burford* factor, the presence of a special state forum for judicial review, weighs against abstention because, as the Court found in its previous Memorandum and Recommendation, Plaintiff's claim does not arise under the TWCA. To justify abstention, there must be a forum that offers "[t]imely and adequate state-court review." *NOPSI*, 491 U.S. at 361 (internal citations

---

*Rodgers* court invoked abstention because the plaintiff alleged the Texas Workers Compensation Law was unconstitutional. *See id.* at 857 ("This particular Workers Compensation statute represents a comprehensive overhaul of the Texas Workers Compensation system.").

omitted). The TWCA outlines the complex administrative procedures for resolving injured workers' claims. Tex. Labor Code §§ 410.001–410.308. However, whether Defendants are entitled to contract reformation does not require reference to the TWCA or a court interpretation of it. (*See* Dkt. No. 39 at 11.) Thus, the resolution of the parties' dispute can be resolved in this Court. *See Just Energy*, 57 F.4th at 254 ("Because the answer central to Just Energy's claims can only be found in a specific state forum, this last factor weighs in favor of abstention.").

In sum, the Court finds that this case does not present one of "the rare instances" calling for *Burford* abstention and recommends declining to abstain. *Grace Ranch*, 989 F.3d at 313, 319 (holding that abstention was not warranted even when the first three factors favored abstention).

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Remand Based on Abstention (Dkt. No. 51) be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on October 24, 2023.

Sam S. Sheldon
United States Magistrate Judge